TOOTHAKER, Respondent, *v.* CORNWALL, Appellant.

A promissory note was made before the Act of 1851 (which makes the 4th of July a non-juridical day), which fell due on the 1st of July, and was payable on the 4th. Held, that notice of non-payment on the 3d was premature, and ineffectual to charge the endorser.

APPEAL from the Sixth Judicial District.

This action was brought by the plaintiff, who was the endorsee of a promissory note at Sacramento City, November 8th, 1850, made by Barton Lee, who thereby " promised to pay, on the 1st day of July next, to the order of P. B. Cornwall, defendant, $500, with interest at the rate of one per cent. per month," and which was endorsed to the plaintiff by the said P. B. Cornwall.

The defence was want of notice of non-payment by the drawer. The plaintiff proved by several witnesses that search and inquiry had been made for the drawer on the 3d of July, for the purpose of presenting the note for payment, but without effect; that he had no place of business in the city, nor could the witnesses learn where he had. The witnesses were in the employ of Freeman & Co., who had the note for collection; that they had called at defendant's office, but could not learn where Lee was, or where he resided.

Mr. Hyer, a witness and attorney for plaintiff, stated, that on the 4th of July, 1851, he made inquiry of several persons for Lee, ascertained from Cornwall and others, that he was not in the city, but was at the mines, and had no place of business in the city. [Defendant's counsel objected, because 4th of July was a holiday, and exempt from business: and the court ruled that the plaintiff might show anything bringing the fact of non-payment on the 3d to defendant's notice.] Witness told Corn-

wall that Lee could not be found, who told him he did not know where he was, but believed him to be at the mines. The note had been placed in witness's hand as attorney, who further said, "I notified Cornwall, verbally, of its non-payment, and asked him if he wished a written notice of the fact. Cornwall told me that he intended to take any advantage he could in regard to the non-payment of the note."

H. R. Ferre swore that he ascertained, on the 3d of July, from defendant and others, that Lee was not in the City of Sacramento, and that consequently he could not present the note for payment; and witness told the clerk in the office of defendant (he not being present), that he had not been able to find Lee; that he was aware, in other States, a note falling due upon the 4th of July, required to be presented upon the 3d of the month, but whether the rule prevails in this State or not, he did not know, but thought it best to be on the safe side, and to give Cornwall notice of his inability to find Lee upon that day, and requested the clerk to inform Mr. Cornwall that he (witness) had been at his office with the note; this was about 3 o'clock, P.M." Witness was in the employ of Freeman & Co., who held the note for collection.

April 26th, 1852, the cause was tried by a jury, who rendered a verdict for plaintiff for the amount of the note and interest, and judgment was entered accordingly.

The defendant moved for a new trial, which was refused, and he then took this appeal.

*Winans* and *Hyer*, for appellant.

The note was payable on the 1st of July, and was made before the statute concerning holidays.

When Mr. Hyer inquired of defendant for Lee, and was told he was at the mines, &c., defendant told him that "he would avail himself of all legal rights in his defence to the note."

The note was payable on the 4th of July, and the notice on the 3d was premature.

The notice given by Mr. Hyer was not sufficient, because it was given on a holiday; because it was not intended to be a notice, and to place the endorser on his guard, but in terms

left something else to be done. It was not sufficient and explicit, inasmuch as it did not describe the note, nor allege the presentment to, or search for the drawer.

*Saunders* and *Haggins,* for respondent.

Due diligence is all that is required to make presentation of a note to a maker, and what constitutes due diligence, is a question depending upon the special circumstances of the case. Stat. on Promissory Notes, sects. 205, 236, 238, 240, 264.

As to time of notice, Ib. sects. 320, 321. The notice may be oral and at the place of business of the party, to receive it. Ib. 341.

Defendant's own declaration, that the drawer was away at the mines, made the day the note became due, and the day after, was a virtual waiver of presentment to the maker.

The jury found as a fact that presentment could not be made at maturity, because the maker could not be found, and that defendant was duly notified of that fact, and of the dishonor of the note.

The note was considered, under the statute, as due on the 3d of July, and so treated. Effort was made to present it on that day to the maker, and as he could not be found, defendant was notified on that day, and also on the 4th.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The act of 1851, which makes the fourth day of July a non-juridical day, by its terms confines its operation expressly to bills, checks, and notes, made after the passage of the act.

In this case, the note in controversy was made before the passage of the act, and is not within its provision, consequently it fell due on the 1st, and was payable on the 4th day of July. It is not pretended by the plaintiff that notice of its non-payment was given on the 4th or afterwards, and the notice on the 3d was premature and ineffectual.

The judgment is reversed, and the case remanded.